**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OMM IMPORTS, INC., a Florida corporation,     Case No. 1:21-cv-22581
d/b/a ZERO GRAVITY

    Plaintiff,
v.

RAZ MARKETING, INC.,
a Colorado corporation, and
RAZ BERIA, an individual,

    Defendants.
_____/

**COMPLAINT**

OMM Imports, Inc. d/b/a Zero Gravity files this lawsuit against Defendants, RAZ MARKETING, INC., and RAZ BERIA, and states:

**PARTIES, JURISDICTION & VENUE**

1. This Court has original jurisdiction pursuant to Title 28, United States Code, Section 1332, as this case is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Plaintiff, OMM Imports, Inc. d/b/a Zero Gravity ("OMM"), is a Florida corporation with a principal address in Miami-Dade County, Florida.

3. Defendant, RAZ MARKETING, INC. ("Raz Marketing"), is a Colorado corporation with a principal address in Colorado Springs, Colorado, and is otherwise *sui juris*.

4. Defendant, RAZ BERIA ("Beria," and together with Raz Marketing, the "Defendants"), is an individual believed to be a citizen of and residing in Colorado Springs, Colorado, is over the age of eighteen, and is otherwise *sui juris*.

5. Venue is proper in the Southern District of Florida pursuant to Title 28, United

States Code, Section 1391(b) because a substantial part of the events giving rise to the claims at issue occurred within this judicial district, and in light of Defendants' breach of an agreement with OMM, which resides in this judicial district. Defendants also agreed that the agreement between the Parties shall be governed exclusively by the laws of the State of Florida, and that the competent courts of Miami-Dade County, Florida shall have the exclusive jurisdiction with respect to any dispute arising out of the agreement.

6. All conditions precedent have been met, waived, or satisfied to bring this lawsuit.

## FACTUAL BACKGROUND

7. OMM was formed as a Florida corporation in 2014, and since then has been focused, *inter alia*, on designing and developing the safest, most effective, and most uniquely designed anti-aging facial products to deliver to consumers across the globe.

8. On November 11, 2019, OMM entered into a Retail Agreement with Raz Marketing, which provided Raz Marketing with a non-exclusive, non-assignable, non-transferable limited right to sell OMM's products, namely, home use skin rejuvenation machines marketed under the Zero Gravity brand (the "Zero Gravity Products"), but only to "retail end-customers" in the Lavelier store in the Chapel Hills mall in Colorado Springs, Colorado. A copy of the Retail Agreement is attached as Exhibit A.

9. The Retail Agreement incorporated a New Customer Form agreement which specifically detailed the allowable scope of sales. A copy of the New Customer Form agreement is attached as Exhibit B.

10. Beria, as Owner of Raz Marketing, executed the Retail Agreement as "Personal Guarantor" and executed a "Personal Guarantee." *See* Ex. A at 1, and Annex B.

11. The Retail Agreement also contained provisions prohibiting Defendants from selling the Zero Gravity Products online.

12. For instance, Section 5 of the Retail Agreement, glaringly titled **NO ONLINE SALES**, explicitly prohibits Defendants from "offering, marketing and/or making any online sales as further described in the undertaking attached hereto as Annex A."

13. Annex A to the Retail Agreement, glaringly titled **UNDERTAKING RE: ONLINE SALES PROHIBITION**, explicitly prohibited Defendants from "making any sale, market, advertisement or otherwise transfer (collectively 'Sale'), directly or indirectly, of any of OMM's products via on-line sources (including without limitation any on-line store or other platform) or to another business entity or sole proprietor operating a retail business…" *See* Ex. A at Annex A.

14. The penalty for breaching these provisions, which provisions are vital to OMM's business, is clearly stated in Annex A as follows:

> …any breach of this undertaking will cause OMM irreparable harm for which monetary damages may be an insufficient remedy. Accordingly, it is agreed that in the event of a failure to fully comply with this undertaking I shall immediately pay OMM the sum of USD 100,000 (One Hundred Thousand dollars) which constitutes a reasonable compensation and not a penalty under the circumstances hereof, and all without derogating from any other right or remedy available to OMM under the Agreement and/or any law. This undertaking shall survive the expiration or termination for any reason of this Agreement and shall remain in full force and effect for the maximum period permitted by applicable law.

*See* Ex. A at Annex A.

15. Pursuant to Section 15 of the Retail Agreement, titled **INDEMNIFICATION**, and Section 29, titled **ATTORNEY FEES**, Defendants agreed to reimburse all legal fees and expenses arising out of a dispute concerning this Agreement.

16. The prohibition against online sales, and the direct or indirect facilitation thereof, and the sale to non-retail end-customers, is critical to OMM's business, as it prevents parties from undercutting OMM's retail customers and flooding the market with cheaper pricing. If left unaddressed, this would cause massive and irreparable price erosion, reputational damage, and customer loss.

17. It recently came to OMM's attention that Defendants have breached the Retail Agreement by, *at a minimum*, selling dozens of Zero Gravity Products to a notorious eBay seller, "targettime," thereby facilitating the sale of Zero Gravity Products online and to a party other than a retail end-customer in the Chapel Hills mall location.

18. As a result of Defendants' contractual breaches, OMM has been required to retain the undersigned counsel to pursue its interests in this matter, and is obligated to pay the undersigned a reasonable attorneys' fee for their services, and to reimburse the undersigned for any costs incurred in connection with said representation.

19. Pursuant to Section 25 of the Retail Agreement, Defendants have agreed to accept service of process of this Complaint by certified mail or delivery by overnight courier.

## COUNT I – BREACH OF CONTRACT
(Against Raz Marketing)

20. OMM realleges and reavers Paragraphs 1 – 19 as if fully set forth herein.

21. OMM and Raz Marketing entered into a valid agreement, namely, the Retail Agreement (which incorporates the New Customer Form agreement).

22. OMM fully performed under the Retail Agreement.

23. Raz Marketing has breached the Retail Agreement by, at a minimum, selling dozens of Zero Gravity Products to a notorious eBay seller, "targettime," thereby facilitating the sale of

Zero Gravity Products online and to a party other than a retail end-customer in the Chapel Hills mall location.

24. OMM has been monetarily damaged by Raz Marketing's breach.

## COUNT II – BREACH OF CONTRACT
(Against Beria)

25. OMM realleges and reavers Paragraphs 1 – 19 as if fully set forth herein.

26. OMM and Raz Marketing, with Beria as Personal Guarantor, entered into valid agreement, namely, the Retail Agreement (which incorporates the New Customer Form agreement).

27. Beria agreed to be personally responsible for satisfying all obligations of Raz Marketing.

28. OMM fully performed under the Retail Agreement.

29. Beria has breached the Retail Agreement by, at a minimum, selling dozens of Zero Gravity Products to a notorious eBay seller, "targettime," thereby facilitating the sale of Zero Gravity Products online and to a party other than a retail end-customer in the Chapel Hills mall location.

30. Beria has also breached the Retail Agreement by, at a minimum, refusing to honor his obligations as Personal Guarantor.

31. OMM has been monetarily damaged by Beria's breaches.

## PRAYER FOR RELIEF

WHEREFORE, OMM prays for judgment in their favor and against Defendants containing the following provisions:

    **A.** An award of damages, including enhanced damages, against Defendants, jointly and severally, in an amount to be proven at trial, including pre- and post-judgment interest;

5

    **B.** An award of costs of suit, including attorneys' and expert fees, expenses and disbursements, against Defendants, jointly and severally; and

    **C.** Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

OMM hereby demands a trial by jury of all issues so triable as a matter of law.

    Respectfully submitted,

    **THE CONCEPT LAW GROUP, P.A.**
    6400 N. Andrews Ave., Suite 500
    Fort Lauderdale, Florida 33309
    Tel: 754.300.1500

    By: /s/ Adam S. Goldman
    Adam S. Goldman, Esq.
    Fla. Bar. No. 86761
    agoldman@conceptlaw.com
    Alexander D. Brown, Esq.
    Fla. Bar No. 752665
    abrown@conceptlaw.com

    *Counsel for OMM*